UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RECO RONTAZA WILLINGHAM** | : | **CIVIL ACTION NO. 2:13-cv-09** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **JOSEPH P. YOUNG** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the application for a writ of habeas corpus by petitioner, Reco Rontaza Willingham.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana (FCIO).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### I.     Background

Petitioner seeks waiver of a Public Safety Factor (PSF) for phone abuse and a transfer from FCIO to a lower security facility closer to his family.  In support of his request, petitioner claims that the PSF was erroneously assigned and that he is being denied a transfer based on that assignation.

### II.    Law and Analysis

At the outset, this court must determine whether to treat the above claims as petitioner describes—an application for writ of habeas corpus—or as a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  The *Bivens* Court recognized a cause of action against federal agents or employees for a violation of a constitutional right.

-2-

An application for writ of habeas corpus is the appropriate means for a prisoner to challenge the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, however, a civil rights suit "is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures." *Cook v. Texas Dep't of Criminal Justice Trans. Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). The proper vehicle is a civil rights suit if "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release[.]" *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam).

Based upon a review of the pleadings, it is clear that petitioner has asserted a civil rights claim. The allegations implicate the manner of confinement rather than the fact or duration of his confinement. *See Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987). Petitioner does not challenge his conviction or assert that he should not be in custody. Thus, petitioner must pursue his claims by filing a *Bivens* action.

The court declines to convert the instant application into a *Bivens* action. *See Glaus v. Anderson*, 408 F.3d 382, 388–89 (7th Cir. 2005) (describing the practical difficulties involved when converting).

Because petitioner is proceeding *pro se*, a number of things are worth noting. The court is not making a decision on the ultimate merits of the case. Petitioner may immediately refile his case as a *Bivens* action. Filing a *Bivens* suit will entail a different set of legal rules and consequences particular to a civil rights suit. *Id.* at 389–90.

### III.   Conclusion and Recommendation

For the reasons discussed herein, IT IS RECOMMENED that the instant application be DENIED and DISMISSED WITHOUT PREJUDICE.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation

to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 9th day of August, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE